The Chancellor.
On the fourth day of May, 1856, Isaac R. Leigh and Daniel Leigh, the complainants, exe *111 cuted their bond to Elizabeth Anderson, one of the defendants, conditioned to pay her the sum of six hundred dollars, with interest, on the first day of April then next. Elizabeth Anderson assigned this bond to the defendants, Clark and Sherrard. They commenced an action upon the bond in the Inferior Court of Common Pleas of the county of Warren. Upon exhibiting the hill in this suit, one of the injunction masters made an order for an injunction staying the prosecution of the suit at law. All the defendants have answered the bill.
When the above bond was given, a bond was executed and delivered to the complainant, Isaac N. Leigh, by Elizabeth Anderson, Benjamin N. Anderson, her father, and Jacob A. Haggin, in the penal sum of twelve hundred dollars, with the following' recital and condition: “ That whereas Elizabeth Anderson was with child by the said Isaac It. Leigh, and that they had on that day settled the matter by the said Isaac K. Leigh’s giving her his bond with security for the payment of six hundred dollars, on the first day of April then next; if, therefore, the said obligors, their heirs, executors, and administrators should well and truly indemnify and save harmless the said Isaac,” &e., from all costs, fees, and expenses he might or could be put to in behalf of the township, and of and from all and every costs, fees, and expenses, as well by reason of lying in of said Elizabeth Anderson as by the birth, maintenance, and education of the said child, and of and from every suit and action at law or equity by or on behalf of the said Elizabeth Anderson or Benjamin A. Anderson, her father, against the said Isaac for or on account of the said Elizabeth’s being with child by the said Isaac, then the obligation to be void.
The allegation of the complainants, upon which they expect to maintain this suit and continue the injunction, is that the bond which they executed to. Elizabeth Anderson was procured by fraud. The fraud alleged is, that the •father and Elizabeth pretended that she was pregnant, *112 and charged Isaac R. Leigh with being the father of the child ; that they threatened, unless he would marry Elizabeth Anderson, or would pay her some large sum of money, that they would expose him, and prosecute him at law; that they persisted in harassing the said Isaac, until, overcome through fear of persecution, he executed and delivered the bond in question. The bill alleges that the said Elizabeth was not pregnant, and that it was a fabrication fraudulently made up, between the father' and daughter, to extort money from the complainant, Isaac R. Leigh.
Benjamin 2ST. Anderson, the father, is not made a party to the bill. The answer of Elizabeth Anderson fully denies every allegation of fraud and every particular which is mentioned to give color to the charge-. The equity of the bill is completely answered.
But it is insisted, on behalf of the complainants, that this is a case where the injunction should be retained, notwithstanding the equity of the bill is denied. It is true, if the injunction is dissolved, the bill must be dismissed, for the object of the injunction is merely to change the forum of litigation, in order to afford the complainants an opportunity of making a defence against the bond, which they will not be permitted to make at law. It has been decided, by the Supreme Court of this state, “ that in an action at law on a specialty, it is not competent for the defendant to avoid it by pleading that it was obtained by fraudulent misrepresentations made by the plaintiff.” Rogers v. Colt, 1 Zab. 23, 704; Stryker v. Vanderbelt, 2 Dutch. 482.
If the question was not concluded by these authorities, I should not so decide. But I feel bound to respect them as declaring the law, and to conform to them, if the case turned upon that point.
If therefore the injunction is dissolved, the complainants are denied the opportunity of defending themselves against this bond, on the ground of its.having been pro *113 cured by fraudulent misrepresentations. As that is a good equitable defence, and can avail the complainants no where else but in this court, it would seem but just and right that the whole controversy on the question of fraud should not he finally disposed of by tbe mere answer of the party charg'ed with tbe fraud. It would seem to be one of tbe cases which come under the exception to the general rule, that if the bill is fully answered, and its equity denied, the injunction should be dissolved..
These considerations would prevail, and I should retain the cause for investigation and final decision in this court, were I satisfied with the case ijaade by the bill. But the case, as presented by the complainants themselves, will not bear scrutiny in foro conscientes. The hill states that Elizabeth Anderson alleged that she was pregnant of a child, of which the complainant, Isaac B. Leigh, was the father, and both complainants allege, under their oath, that this was “ absolutely false.” Bat the complainants give no reason, in their bill, for this hold denial of the charge. The complainants had no right to charge the defendant with such a falsehood without showing some grounds upon which they made it. It was in the power of Isaac R. Leigh, and in his only, to affirm absolutely the falsity of the charge, if it were false. If ho had had no sexual intercourse with Elizabeth Anderson, he could truly stamp the charge as “ absolutely falsehut if his conscience would not permit him to deny his having had such intercourse, this charge against her is wholly unwarrantable. The manner in which it is repeatedly made in the bill evinces a recklessness in making statements under oath which is calculated very greatly to diminish confidence in the complainant’s case. The bill, from beginning to end, While it attempts to evade the confession of criminality on the part of Isaae R. Leigh, is a virtual admission that he seduced this woman. Not having denied this fact, but virtually admitted it, the Court of Chancery is not the proper tribunal to resort to in order that he may *114 be afforded an opportunity to put in a defence to a bond like this.
His counsel took the ground, on the argument, that he was not bound to admit or deny this fact. That is true. But neither is this court, when he asks it to relieve him from the rigor of the law, bound to do so when he presents a case, the real truth of which a guilty conscience will not permit him to disclose.
The injunction is dissolved, and the bill dismissed with costs.